UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAFAEL FERNANDEZ, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-11857-FDS |
| | ) | |
| SANTANDER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, FOR MORE DEFINITIVE STATEMENT

Defendant, Santander Bank (misnomered; the proper entity being "Santander Bank, N.A.") ("Santander"), respectfully requests that this Honorable Court GRANT its Motion to Dismiss, Or Alternatively, For More Definitive Statement.  As argued herein, Plaintiffs have failed to plead sufficient factual allegations to identify their claim and the grounds on which it rests.

### LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Failure to meet this standard requires dismissal of the action.  See Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires *more than labels and conclusions . . . .*"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (emphasis added).  Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 555).  A plaintiff must "give the defendant fair notice of *what the . . . claim is and the grounds upon which it rests . . . .*"  Twombly, 550 U.S. at 555 (citations omitted) (emphasis added).  A complaint is not sufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement.'  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citing C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action")).  It must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  In re Curran, 855 F.3d 19, 25 (1st Cir. 2017) (quoting Iqbal, 556 U.S. at 678).  "If the facts articulated in the complaint are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture,' the complaint is vulnerable to a motion to dismiss."  In re Curran, 855 F.3d 19, 25 (1st Cir. 2017) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).  To survive, the facts must "possess enough heft to show that [Plaintiffs are] entitled to relief."  Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008) (internal quotation marks omitted) (quotation omitted).[1]

---

[1] *Alternatively*, Defendant requests that this Court order Plaintiffs to file a more definitive statement of their Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides that a "party may move for a more definitive statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response"; see also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding").  Here, searches conducted by Defendant based on Plaintiffs' names and address have not revealed even the existence of an account.

## ARGUMENT

Here, Plaintiffs have failed to provide Defendant with fair notice of what their claim is and the grounds on which it rests.  See Twombly, 550 U.S. at 555.  Plaintiffs have essentially asserted the bland statement that *Defendant has not returned our money*.  There is no indication as to whether Plaintiffs are asserting a claim in contract or tort, when the alleged conduct occurred, what type of account is supposedly at issue, and why Plaintiffs have standing (according to the Complaint, Plaintiff, Rafael Fernandez, is the only one who deposited funds with Defendant).  The Complaint is essentially a naked assertion devoid of further factual enhancement.  Iqbal, 556 U.S. at 678.  As such, the Complaint lacks the requisite factual basis and Santander cannot be reasonably expected to respond.  In fact, Santander searched its records for Plaintiffs' names and address.  The search did not produce any records or any additional information that would allow for a more detailed search.  Without more factual allegations, Santander is left without knowing the claim and the grounds on which it rests.  Therefore, where Plaintiffs have failed to meet the pleading standard set forth in Fed. R. Civ. P. 8, their Complaint should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant Santander Bank, N.A., respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, or alternatively, order Plaintiffs to file a more definitive statement of their Complaint.

SANTANDER BANK, N.A.

By Its Attorneys,

*/s/ Jon S. Barooshian*
Jon S. Barooshian (BBO #566755)
Jared A. Fiore (BBO #684997)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
Telephone:  508-926-3416
Facsimile:  508-929-3116
E-mail:  jbarooshian@bowditch.com
E-mail:  jfiore@bowditch.com

## CERTIFICATE OF SERVICE

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2017.

                                                                            */s/* Jon S. Barooshian
                                                                            Jon S. Barooshian