# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAFAEL FERNANDEZ AND CRUZ FERNANDEZ, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SANTANDER BANK, | ) ) |
| Defendant. | ) ) ) |

Civil Action No.
17-11857-FDS

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

**SAYLOR, J.**

This is an action arising from the closure of a bank account held by plaintiff Rafael Cruz at Santander Bank. The two-page complaint alleges that Santander refused to return the funds in the account to him. Defendant has moved to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, defendant has moved for a more definitive statement under Fed. R. Civ. P. 12(e).

For the following reasons, the motion for a more definitive statement will be granted, and the motion to dismiss will be denied without prejudice.

**I.     Background**

   **A.     Factual Background**

The complaint contains the following factual allegations.

Plaintiff Rafael Cruz had a bank account at Santander Bank. (Compl. ¶ 4). After a period of inactivity due to Rafael's medical problems, the account was closed. (*Id.*). Thereafter,

Santander declined to return the remaining funds in Rafael's account to him. (*Id.* ¶ 5).

B.  **Procedural Background**

Rafael and Cruz Fernandez filed the present action on September 26, 2017. (Docket No. 1). The complaint asserts a single count, which appears to be breach of contract for defendant's decision to close the account without plaintiffs' permission. (Compl. ¶ 6). On November 14, 2017, defendant moved to dismiss the claims against it or, in the alternative, for a more definite statement. (Docket No. 7).

II.  **Analysis**

A motion for a more definite statement should be granted only if "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are disfavored 'in light of the availability of pretrial discovery procedures.'" *Vizcaino v. Isaac*, 2016 WL 1163652, at *3 (D. Mass. Feb. 2, 2016) (quoting *Cox v. Marine Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988)). "The Federal Rules of Civil Procedure 'employ notice pleading, and, for this reason, motions for a more definite statement are not favored.'" *Id.* (quoting *Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 50 (D.N.H. 1989)).

However, the complaint as written is extraordinarily vague and ambiguous. It is devoid of even basic facts relevant to plaintiffs' claims. For example, it does not allege such basic facts as (1) when the account was created, (2) when the account was closed, (3) how much money was in the account, and (4) whether Cruz Fernandez was a co-owner of the account. Nor does the complaint specify any amount in controversy beyond a bald assertion that it exceeds the $75,000 required for diversity jurisdiction. More information is needed not only to give defendant notice of what claim is being brought so that it can prepare a responsive pleading, but also ensure that

2

subject-matter jurisdiction exists.

## III. <u>**Conclusion**</u>

For the foregoing reasons, defendant's motion for a more definite statement is GRANTED.  Plaintiffs shall file an amended complaint containing more specific factual allegations in accordance with this order by January 26, 2018, or the complaint will be dismissed.  Defendant's motion to dismiss is DENIED without prejudice.

**So Ordered.**

Dated: January 3, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge